UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME L. GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00542 JMB |
| | ) | |
| ENTERPRISE HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court for review of self-represented Jerome Grimes' motion for leave to proceed in forma pauperis. [ECF No. 2]. The Court has reviewed the motion and the financial information submitted in support and concludes that plaintiff is financially unable to pay the filing fee. The Court will therefore grant the motion. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a prolific pro se litigator around the United States. A review of Pacer.uscourts.gov, finds that he has filed over six-hundred (600) cases since the year 1998. Of these cases, the Court has found at least six cases filed against defendant Enterprise Rental Car or Enterprise Holdings LLC. *See Grimes v. Enterprise Rent-A-Car Company of Los Angeles, LLC*, No. 3:22-CV-00657 RSH-KSC (S.D. Cal. Aug. 4, 2022) (motion to proceed in forma pauperis denied and case dismissed for failure to pay the filing fee); *Grimes v. Enterprise Rent-A-Car Company of Los Angeles, LLC*, No. 3:22-CV-01331 RSH-JLB (S.D. Cal. Oct. 23, 2023) (defendant's motion to dismiss granted and case dismissed with prejudice); *Grimes v. Enterprise Rent-A-Car Company of Denver, LLC,* No. 1:22-CV-02345 LTB (D. Co. Oct. 19, 2022) (case dismissed pursuant to Fed.R.Civ.P.41(b) and restrictions imposed on plaintiff's ability to file in

District Court without an attorney); *Grimes v. Enterprise Rent-A-Car*, No. 1:22-CV-01278 LTB (D. Co. June 29, 2022) (case voluntarily dismissed by plaintiff pursuant to Fed.R.Civ.P.41(a)); *Grimes v. Enterprise Rent-A-Car Company of Denver, LLC,* No. 1:22-CV-01619 LTB-GPG (D. Co. Sept. 8, 2022) (case dismissed pursuant to Fed.R.Civ.P.41(b) for failure to comply with a Court Order); *Grimes v. Enterprise Rent-A-Car Agency, et al.,* 4:98-CV-03653 CW (N.D. Cal. Feb. 19, 1999) (case dismissed for failure to state a claim). The claims in all the suits appear to arise from the same set of operative facts as those in the present action.

Plaintiff asserts that defendant should be held liable because Enterprise allegedly did not extend his rental car contract and negligently (or falsely) reported to the police that plaintiff's "loaner vehicle/rental car" was stolen and/or repossessed. Although plaintiff's allegations are unclear, it appears plaintiff is attempting to assert multiple claims for relief against defendant Enterprise for not providing information relating to the purported rental car and/or filing a "notice of demand" for the car based on false statements. For relief plaintiff seeks monetary damages.

**Discussion**

There is no doubt that plaintiff is attempting to relitigate the same issues previously litigated to a conclusion against Enterprise in *Grimes v. Enterprise Rent-A-Car Company of Los Angeles, LLC*, No. 3:22-CV-01331 RSH-JLB (S.D. Cal. Oct. 23, 2023) (defendant's motion to dismiss granted and case dismissed with prejudice). The doctrine of res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment, or dismissal with prejudice, bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits

3

involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004).

In the prior case in the Southern District of California, plaintiff sued Enterprise for negligence, racial discrimination/civil rights liability, supervisory liability and fraud, and the matter was fully litigated to a dismissal with prejudice. *See Grimes v. Enterprise Rent-A-Car Company of Los Angeles, LLC*, No. 3:22-CV-01331 RSH-JLB (S.D. Cal. Oct. 23, 2023). In fact, the District Court allowed plaintiff to amend his pleading after the first motion to dismiss was filed by defendant Enterprise to see if the deficiencies in the complaint could be rectified before the Court ruled on the first motion to dismiss filed by defendant. After plaintiff filed a second amended complaint, defendant Enterprise filed a second motion to dismiss in the action based on failure to state a claim. Plaintiff had the opportunity to file a response to the motion to dismiss. Nevertheless, the amended complaint could not sustain a claim and was dismissed by the District Court with prejudice on October 23, 2023.

Here, plaintiff's claims arise out of the same nucleus of operative facts as those litigated and dismissed in the Southern District of California action. Considering the culmination of that action and dismissal of the case *with prejudice*, the Court finds that plaintiff can no longer litigate an action against Enterprise under these same facts. For this reason, this action is subject to dismissal because the complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of April, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE